UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00135-MR

| SETH REED SCROGGS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| J. COMPTON, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court sua sponte on its review of the docket in this matter.

Pro se Plaintiff Seth Reed Scroggs ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution in Marion, North Carolina. Plaintiff filed this action on or about May 23, 2024, pursuant to 42 U.S.C. § 1983. [Doc. 1; Doc. 1-2 (postmark)]. On June 17, 2024, Plaintiff's Fourth Amendment excessive force claim against Defendants J. Compton and R.A. Crow, both identified as officers with the Mooresville Police Department, survived initial review. [Doc. 7]. The remaining claims and Defendant were dismissed. [Id.]. The Clerk mailed Plaintiff two (2) blank summonses to fill out and identify Defendants Compton and Crow for service of process. [Id. at 13]. The Court ordered that Plaintiff

was "required to provide the necessary information for the U.S. Marshal to effectuate service on the Defendants." [Id.]. Plaintiff has not returned the completed summonses to the Clerk as ordered by the Court.

On November 6, 2024, the Court notified Plaintiff that it would dismiss this action without prejudice unless Plaintiff showed good cause for the failure to timely serve Defendants Compton and Crow. [Doc. 8 at 2-3]. Plaintiff has not responded to the Court's Order and the deadline to do so has expired.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review of Plaintiff's Complaint in this case occurred on June 17, 2024. [Doc. 7]. Plaintiff, therefore, had until September 16, 2024 to serve the Defendants. As noted, the Court notified

Plaintiff that it would dismiss this action without prejudice unless Plaintiff showed good cause for the failure to timely serve Defendants. [Doc. 8 at 2-3]. Because Plaintiff has failed to show good cause for his failure to serve Defendants Compton and Crow, the Court will dismiss this action without prejudice. See Fed. R. Civ. P. 4(m).

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: December 5, 2024

Martin Reidinger
Chief United States District Judge